1   Fred B. Burnside, WSBA #32491                The Honorable Edward F. Shea
    Frederick Haist, WSBA #48937
2   Davis Wright Tremaine LLP
    1201 Third Avenue, Suite 2200
3   Seattle, WA 98101-3045
    Tel.:  (206) 622-3150
4   Fax:  (206) 757-7700
    Email:    fredburnside@dwt.com
5             frederickhaist@dwt.com

6   Attorneys for JPMorgan Chase Bank, N.A.

7

8               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF WASHINGTON
9                        AT RICHLAND

10  BERYL ANN WRIGHT, PRO SE,              No. 4:16-cv-05155-EFS

11                    Plaintiff,           **DEFENDANT JPMORGAN
                                           CHASE BANK N.A.'S REPLY
12        v.                               TO RESPONSE TO MOTION
                                           TO DISMISS**
13  JPMORGAN CHASE BANK, N.A.;
    MTGLQ INVESTORS, L.P.; QUALITY         February 21, 2017
14  LOAN SERVICE CORP OF
    WASHINGTON; SHELLPOINT                 Without Oral Argument
15  MORTGAGE SERVICING, LLC; AND
    DOES 1-X,
16
                      Defendants.
17

18

19

20

21

22

23

CHASE'S REPLY ON MOTION TO DISMISS
Case No. 4:16-cv-05155-EFS

4840-2988-8321v.2 0036234-000592

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 1

II.  AUTHORITY AND ARGUMENT ................................................. 1

    A.  Wright Fails to Challenge Chase's Arguments ................................... 1

        1.  Wright Fails to Show She has Standing to Sue Based on Someone Else's Contract............................................................. 2

        2.  Wright Fails to Show Rescission Under TILA Within Three Years (and Fails to Show a Basis for Rescission). .......... 3

        3.  Res Judicata Bars Plaintiff's CPA Claim, which is Time Barred and Meritless. .................................................... 4

    B.  Wright's Other Arguments Fail to State Any Claims ......................... 5

    C.  The Court Should Dismiss Without Leave to Amend......................... 9

III.  CONCLUSION ................................................................. 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Alcaraz v. Wachovia Mortg. FSB*,
    592 F.Supp.2d 1296 (E.D. Cal. January 6, 2009) ...................................................3

5

*Am. Int'l Adjustment Co. v. Galvin*,
    86 F.3d 1455 (7th Cir. 1996)...................................................6

6

7

*Arpin v. Santa Clara Valley Transp. Agency*,
    261 F.3d 912 (9th Cir. 2001)...................................................6

8

9

*Barnhart v. Fid. Nat'l Title Ins. Co.*,
    2017 WL 242472 (E.D. Wash. Jan. 19, 2017) .......................................2

10

*Beach v. Ocwen Fed. Bank*,
    523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998) ........................................3

11

12

*Bikila v. Vibram USA Inc.*,
    C15-5082-RBL, 2016 WL 6432534 (W.D. Wash. Oct. 31, 2016) ........................7

13

*Doctor's Assocs., Inc. v. Casarotto*,
    517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996) ........................................9

14

15

*Howard v. Countrywide Home Loans, Inc.*,
    2013 WL 1285859 (W.D. Wash. 2013) .................................................4

16

17

*In re Cmty. Bank of N. Va.*,
    467 F.Supp.2d 466 (W.D. Pa. 2006) ....................................................3

18

*Jesinoski v. Countrywide Home Loans*,
    135 S.Ct. 790 (2015) ...................................................3

19

20

*McOmie-Gray v. Bank of Am. Home Loans*,
    667 F.3d 1325 (9th Cir. 2012).................................................3

21

22

*Stewart v. U.S. Bancorp*,
    297 F.3d 953 (9th Cir. 2002).......................................................4, 6, 8

23

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Thinket Ink Information Res., Inc. v. Sun Microsystems, Inc.*,
   368 F.3d 1053 (9th Cir. 2004) ................................................................9

*Thompson v. HSBC Bank USA, N.A.*,
   850 F. Supp. 2d 269 (D. D.C. 2012) ......................................................3

*U.S. v. Nixon*,
   418 U.S. 683, 94 S.Ct. 3090 (1974) ........................................................7

*Washington v. Northland Marine Co., Inc.*,
   681 F.2d 582 (9th Cir. 1982) ..................................................................8

*Zhong v. Quality Loan Serv. Corp. of Wash.*,
   2013 WL 5530583 (W.D. Wash. 2013) ..................................................4

**State Cases**

*Brown v. Washington State Dep't of Commerce*,
   184 Wn.2d 509 (2015) ............................................................................8

*Camp Finance, LLC v. Brazington*,
   133 Wn. App. 156 (2006) ......................................................................6

*Davenport v. Washington Educ. Ass'n*,
   147 Wn. App. 704 (2008) ......................................................................9

*Emeson v. Dep't of Corr.*,
   194 Wn. App. 617 (2016) ..........................................................4, 6, 8, 9

*Green v. A.P.C.*,
   136 Wn. 2d 87 (1998) ............................................................................4

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
   105 Wn.2d 778 (1986) ............................................................................5

*Imperato v. Wenatchee Valley Coll.*,
   160 Wn. App. 353 (2011) ....................................................................6, 8

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*,
   162 Wn.2d 59 (2007) ..............................................................................5

*Magney v. Lincoln Mut. Sav. Bank*,
   34 Wn. App. 45 (1983) ..........................................................................5

CHASE'S REPLY ON MOTION TO DISMISS - iii
Case No. 4:16-cv-05155-EFS

4840-2988-8321v.2 0036234-000592

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Montgomery Ward & Co., Inc. v. Annuity Bd. of S. Baptist Convention*,
    16 Wn. App. 439 (1976) ............................................................5

*Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*,
    168 Wn. App. 56 (2012) ...........................................................2

*Nguyen v. Doak Homes, Inc.*,
    140 Wn. App. 726 (2007) ..........................................................5

*Schmidt v. Cornerstone Inv., Inc.*,
    115 Wn.2d 148 (1990) ..............................................................5

*Spanish Oaks, Inc. v. Hy–Vee, Inc.*,
    265 Neb. 133, 655 N.W.2d 390 (2003) ...................................2

*Stephens v. Omni Ins. Co.*,
    138 Wn. App. 151 (2007), *aff'd sub nom. Panag v. Farmers Ins.
    Co. of Wash.*, 166 Wn.2d 27 (2009) .......................................5

*Tribble v. Allstate Prop. & Cas. Ins. Co.*,
    134 Wn. App. 163 (2006) ..........................................................9

*West v. Thurston Cty.*,
    144 Wn. App. 573 (2008) ..........................................................2

**Federal Statutes**

15 U.S.C. § 1631-1635 ..................................................................3

15 U.S.C. § 1635(a), (f) .................................................................3

15 U.S.C. § 1635(f) .......................................................................3

28 U.S.C. § 516 .............................................................................7

**State Statutes**

RCW 4.16.040(1) .......................................................................6, 8

RCW 4.16.080 ...............................................................................7

RCW 4.16.080(2) ..........................................................................8

RCW 9A.04.080 .............................................................................7

CHASE'S REPLY ON MOTION TO DISMISS - iv
Case No. 4:16-cv-05155-EFS

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

RCW 9A.36 ............................................................................................7

RCW 9A.40 ............................................................................................7

RCW 9A.46 ............................................................................................7

RCW 9A.56 ............................................................................................7

RCW 19.86.120 ......................................................................................4

RCW 21.20.010 *et seq.* ........................................................................8

RCW 21.20.400 ......................................................................................8

RCW 21.20.430(b) .................................................................................8

RCW 30A.12 ..........................................................................................7

RCW 40.16 ............................................................................................7

RCW 49.36 *et seq.* ..............................................................................8

RCW 62A.3-308 .....................................................................................6

RCW 63.60.070(6) .................................................................................7

**Rules**

Local Rule 7.1(e) ...................................................................................1

**Regulations**

12 C.F.R. § 226.23 .................................................................................3

CHASE'S REPLY ON MOTION TO DISMISS - v
Case No. 4:16-cv-05155-EFS

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Beryl Ann Wright's ("Wright") over-length response[1] fails to address most of the arguments Defendant JPMorgan Chase Bank, N.A. ("Chase") made in its motion to dismiss.  She only addresses her lack of standing, and fails to explain how she can assert contract claims on a contract to which she was not a party, even if she owns the Property at issue.  She does not explain how she stated a federal Truth in Lending Act ("TILA") rescission claim or a Consumer Protection Act ("CPA") claim based upon the loan allegedly being unconscionable.  Instead, she argues irrelevant statutes like one allowing union organizing or one giving the right to publicity.  Such tangents are: 1) barred by res judicata due to her 2013 Complaint; 2) time-barred as they are related to the 2003 origination of the loan; and/or 3) not otherwise stated.  Wright has not shown how she stated her claims.

*First*, Wright failed to contradict Chase's arguments that: 1) she lacked standing to sue on a contract to which she is a non-party; 2) her TILA claim is time-barred and there is no basis for rescission; and 3) her CPA claim is barred by res judicata, the statute of limitations, and otherwise fails as a matter of law.

*Second*, all of her other theories are barred by res judicata, time-barred and/or cannot otherwise be stated.

## II.    AUTHORITY AND ARGUMENT

### A.    Wright Fails to Challenge Chase's Arguments

Wright only addresses one of Chase's arguments—that she lacked standing. She fails to even acknowledge the rest of its arguments.

---

[1] It violates the 20 page limit set forth in Local Rule 7.1(e).

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

### 1.    Wright Fails to Show She has Standing to Sue Based on Someone Else's Contract

Wright's two claims involve rescinding a loan under TILA, and claiming the loan violated the CPA because it was unconscionable.  These are contract claims. She argues she has standing to make these claims because she alleged has title to the Property—and this Court has ruled that to the extent she alleges facts plausibly showing property ownership, she has Article III standing, *see* Dkt. 30, at 5.[2]  But even if she had pleaded facts suggesting Article III standing via a possessory interest—and she pleads no facts plausibly suggesting she owns anything—she has no right to assert a contract claim because she is not a party to the loan contract. *See West v. Thurston Cty.*, 144 Wn. App. 573, 578–79 (2008) ("The doctrine of standing prohibits a litigant from asserting another's legal right."); *Barnhart v. Fid. Nat'l Title Ins. Co.*, 2017 WL 242472, *3 (E.D. Wash. Jan. 19, 2017) ("the Plaintiff here does not state a cognizable claim, and in the alternative has no standing to assert the claim.  This is because Plaintiff is not the injured party as a "stranger" to the loan and subsequent foreclosure proceeding, and will incur no damages personally"); *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*, 168 Wn. App. 56, 80–81 (2012) (*quoting Spanish Oaks, Inc. v. Hy–Vee, Inc.*, 265 Neb. 133, 138, 655 N.W.2d 390 (2003) ("[T]he fact that a third party would be better off if a contract were unenforceable does not give him standing to sue to void

---

[2] Wright asks the Court to judicially notice the deed giving her title but fails to provide a copy.

CHASE'S REPLY ON MOTION TO DISMISS - 2
Case No. 4:16-cv-05155-EFS

4840-2988-8321v.2 0036234-000592

the contract")).  Thus, the Court should dismiss her claims as predicated on a contract that she lacks standing to enforce.

### 2.    Wright Fails to Show Rescission Under TILA Within Three Years (and Fails to Show a Basis for Rescission).

Wright does not dispute that Malveto only has a conditional right of rescission that expired three years after the transaction.  15 U.S.C. § 1635(a), (f).  Malveto's Note and Deed of Trust were executed on August 1, 2003.  Malveto purported to "rescind" the loan in May 2015, more than 12 years after August 2003.  2016 Compl. ¶27; RJN #7, Notice of Interest in Real Property [TILA rescission], attached as Exhibit 7.  Wright's TILA rescission claim is therefore time-barred.  15 U.S.C. §1635(f); *Jesinoski v. Countrywide Home Loans*, 135 S.Ct. 790 (2015); *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1328 (9th Cir. 2012); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998).  Because §1635(f) is a statute of repose, there is no tolling.  *Beach*, 523 U.S. at 412-413; *In re Cmty Bank of N. Va.*, 467 F.Supp.2d 466, 480 (W.D. Pa. 2006).

Further, Wright fails to show any basis for rescinding the loan under TILA.  A borrower can only rescind if: 1) two copies of the Notice of Right to Cancel are not provided; or 2) clear and conspicuous "material disclosures"—a defined term—are not made.  15 U.S.C. §1631-1635; 12 C.F.R. §226.23; *Alcaraz v. Wachovia Mortg. FSB*, 592 F.Supp.2d 1296, 1302 (E.D. Cal. January 6, 2009); *Thompson v. HSBC Bank USA, N.A.*, 850 F. Supp. 2d 269, 276 (D. D.C. 2012).  Wright fails to allege facts showing either basis for rescinding the loan under TILA.  Rescission is

CHASE'S REPLY ON MOTION TO DISMISS - 3
Case No. 4:16-cv-05155-EFS
4840-2988-8321v.2 0036234-000592

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  therefore not available to her and the Court should reject claims tied to any

2  purported rescission.

### 3.    Res Judicata Bars Plaintiff's CPA Claim, which is Time Barred and Meritless.

5       Wright does not deny that the CPA claim in her 2013 lawsuit contains an

6  identity of claims, a final judgment and privity between the parties in her CPA

7  claim in this 2016 lawsuit.  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.

8  2002); *see also Emeson v. Dep't of Corr.*, 194 Wn. App. 617, 627 (2016).  The two

9  actions involve the same subject matter—Malveto's loan, Chase's alleged failure to

10 prove its interest, and the foreclosure proceedings.  Thus, res judicata applies and

11 bars her CPA claim.

12      Wright's CPA claim is also time-barred.  The CPA has a four-year statute of

13 limitations.  RCW 19.86.120.  Malveto's loan originated in 2003, and the 2016

14 Complaint was filed 13 years later.  Wright has not shown any tolling or any other

15 fact that avoids the statute of limitations.  *Green v. A.P.C.*, 136 Wn. 2d 87, 95-96

16 (1998); *Zhong v. Quality Loan Serv. Corp. of Wash.*, 2013 WL 5530583, *4 (W.D.

17 Wash. 2013)(denying tolling and finding the statute of limitations barred a claim

18 based on the deed of trust because "Ms. Zhong could have learned of these facts at

19 any time simply by reading her loan papers."); *Howard v. Countrywide Home

20 Loans, Inc.*, 2013 WL 1285859, *1 (W.D. Wash. 2013) (no basis for tolling a CPA

21 claim regarding statements in the loan papers because plaintiffs "could have learned

22 about those terms simply by reading their loan papers").

23

CHASE'S REPLY ON MOTION TO DISMISS - 4
Case No. 4:16-cv-05155-EFS

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

And on the merits, Wright fails to show how she met the elements of the claim. An unconscionable loan is a defense to a contract action, not an affirmative CPA claim. *See Montgomery Ward & Co., Inc. v. Annuity Bd. of S. Baptist Convention*, 16 Wn. App. 439, 445 (1976). And even Chase is not liable for the contract terms entered into by Washington Mutual—the CPA does not permit liability for one party based on the conduct of third party. *Schmidt v. Cornerstone Inv., Inc.*, 115 Wn.2d 148, 165, (1990) (CPA claim correctly dismissed against party who did not have any contact with plaintiff and was not involved in deceptive action); *Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 183 (2007), *aff'd sub nom. Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27 (2009). She alleges no facts suggesting any deceptive or unfair acts—she seems to concede default and bases her claims entirely on the failed TILA rescission. *Nguyen v. Doak Homes, Inc.*, 140 Wn. App. 726, 734 (2007); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 787 (1986); *Magney v. Lincoln Mut. Sav. Bank*, 34 Wn. App. 45, 57–58 (1983). Nor does she show how enforcing a deed of trust on one property has any effect on the public interest. *Hangman Ridge*, 105 Wn.2d at 790. Finally, she does not show any injury caused by Chase—the foreclosure appears to be due to her idea she or Malveto were no longer obligated to make payments, not anything Chase did. *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 82 (2007).

## B. Wright's Other Arguments Fail to State Any Claims

Instead of addressing Chase's arguments, Wright, in a scattershot and confusing manner, asserts several unpled arguments—unrelated to her claims—as

CHASE'S REPLY ON MOTION TO DISMISS - 5
Case No. 4:16-cv-05155-EFS
4840-2988-8321v.2 0036234-000592

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  to why Chase is liable to her.  She cannot oppose a dismissal by arguing unpleaded

2  claims.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th

3  Cir. 2001) ("extraneous evidence should not be considered in ruling on a motion to

4  dismiss"); *Camp Finance, LLC v. Brazington*, 133 Wn. App. 156, 162 (2006)

5  ("complaint generally cannot be amended through arguments in a response brief to

6  a motion for summary judgment.").  These new arguments do not save her action

7  (and, as mentioned, she lacks standing to assert them as they apply to the loan to

8  which she is not a party).  In an abundance of caution, Chase addresses each

9  argument in turn:

10  *First Argument*: Wright argues she stated a claim by asserting several

11  defenses to a contract action, but she makes contradictory factual arguments, such

12  as alternately arguing the note was forged (Resp. p.8, ¶ 38) and that Malveto did

13  sign it (but for personal purposes).  Resp. p.11, ¶ 53, p.14, ¶ 61, p.20, ¶ 78, p.22, ¶¶

14  89-91.  (And under RCW 62A.3-308, signatures on commercial paper are

15  presumptively authentic, in any event.) She cannot blow hot and cold as to facts that

16  she would know for certainty.  *Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455,

17  1461 (7th Cir. 1996) ("a pleader may assert contradictory statements of fact only

18  when legitimately in doubt about the facts in question").  Any claim arising from

19  the loan is barred by res judicata as it was, and could have been brought in the 2013

20  Lawsuit.  *Stewart*, 297 F.3d at 956; *Emeson*, 194 Wn. App. at 626.  It is also time-

21  barred—a contract action has a six year limitations period, and the loan was made

22  in 2003.  RCW 4.16.040(1); *see also Imperato v. Wenatchee Valley Coll.*, 160 Wn.

23  App. 353, 360 (2011).

CHASE'S REPLY ON MOTION TO DISMISS - 6
Case No. 4:16-cv-05155-EFS

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Second Argument*:  Wright argues Chase violated Malveto's right of publicity in his name when he signed the loan.  This claim is barred by the three year statute of limitations.  RCW 4.16.080; *Bikila v. Vibram USA Inc.*, C15-5082-RBL, 2016 WL 6432534, at *6 (W.D. Wash. Oct. 31, 2016).  It is also barred by the 2013 Lawsuit.  But on the merits, this claim fails because she alleges no facts showing Chase made any unauthorized use of Malveto's signature; Chase is merely enforcing a contract.  And even if enforcing a promissory note were somehow within the realm of "personality rights," the use of Malveto's name was incidental and de minimis.  "This chapter does not apply . . . when the use of the individual's or personality's name . . . is an insignificant, de minimis, or incidental use."  RCW 63.60.070(6).  Chase is not trying to profit off of Malveto's name, it is trying to enforce a contract he entered into.

*Third Argument*: Wright asserts several criminal law violations under RCW 9A.36, 9A.40, 9A.46, 9A.56, 30A.12, and 40.16 *et seq*.  These claims are time-barred, as the maximum limitations period is six years.  *See* RCW 9A.04.080.  Again, they are also barred by the 2013 Lawsuit.  There is no allegation of criminal coercion, harassment, forced labor, threats of physical damage, or other improper threat.  And, of course, only the government can enforce criminal laws.  *See, e.g., U.S. v. Nixon*, 418 U.S. 683, 694, 94 S.Ct. 3090 (1974); 28 U.S.C. §516.

*Fourth Argument*: Wright argues that the Uniform Commercial Code somehow saves her claims.  She cites several provisions of the UCC claiming the loan is not enforceable as to her since it was for personal purposes.  Again, res judicata bars these claims as they could have been brought in the 2013 Lawsuit.

CHASE'S REPLY ON MOTION TO DISMISS - 7
Case No. 4:16-cv-05155-EFS
4840-2988-8321v.2 0036234-000592

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   *Stewart*, 297 F.3d at 956; *Emeson*, 194 Wn. App. at 626.  They are also time-barred,

2   as a contract action has a six year limitations period.  RCW 4.16.040(1); *see also*

3   *Imperato*, 160 Wn. App. at 360.  In any event, many of the provisions she cites are

4   definitions or defenses that are not pleaded.  She also misunderstands how the UCC

5   applies to loans, arguing she is immune since she is a consumer.  She is not.  The

6   UCC is a tool to use in interpreting and enforcing negotiable instruments like a

7   promissory note.  *See Brown v. Washington State Dep't of Commerce*, 184 Wn.2d

8   509, 535–36 (2015) ("The relevant UCC principles discussed above, see supra pp.

9   777–80, guide our analysis").

10  *Fifth Argument*: Wright argues she must sell her labor to pay the loan, so

11  RCW 49.36 *et seq.* (which regulates union/labor disputes) applies.  There is no issue

12  about union organizing or employment so it is not applicable.  The theory is time-

13  barred under the three year limitations period.  RCW 4.16.080(2); *Washington v.*

14  *Northland Marine Co., Inc.*, 681 F.2d 582, 586 (9th Cir. 1982).  Res judicata also

15  bars this claim since it could have been brought in the 2013 Lawsuit.

16  *Sixth Argument*: Wright argues that the loan violates securities law, RCW

17  21.20.400.  But the loan, at least as to her, is not a security, and was not sold to her

18  or Malveto.  *See* RCW 21.20.010 *et seq.*  Regardless, the theory is time-barred

19  under the three year statute of limitations.  RCW 21.20.430(b).  And like her other

20  arguments, res judicata bars this theory.

21  *Seventh Argument*: Wright argues Malveto suffered duress in signing the loan

22  documents and is entitled to restitution under unjust enrichment.  Duress is another

23  *defense* to a valid contract, not an affirmative claim attacking the validity.  *See, e.g.,*

CHASE'S REPLY ON MOTION TO DISMISS - 8
Case No. 4:16-cv-05155-EFS
4840-2988-8321v.2 0036234-000592

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  *Tribble v. Allstate Prop. & Cas. Ins. Co.*, 134 Wn. App. 163, 169 (2006); *Doctor's*

2  *Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902

3  (1996). As a claim related to the loan, it is also barred by res judicata due to the

4  2013 Lawsuit and time-barred under the three year limitations period. *Davenport v.*

5  *Washington Educ. Ass'n*, 147 Wn. App. 704, 737–38 (2008); *Emeson*, 194 Wn.

6  App. at 627.

7         ## C.    The Court Should Dismiss Without Leave to Amend

8         Even if Wright had alleged the new theories she discusses, they are all barred

9  as a matter of law. The Court should dismiss her claims against Chase with

10 prejudice and enter judgment in Chase's favor. *See Thinket Ink Information Res.,*

11 *Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

12              ## III.    CONCLUSION

13        Wright's claims fail on the merits, are barred by the applicable limitations

14 period, and are precluded under the doctrine of res judicata. Wright's seven new

15 theories are likewise meritless. For the foregoing reasons, the Court should grant

16 Chase's motion to dismiss with prejudice.

17        ///

18        ///

19        ///

20

21

22

23

CHASE'S REPLY ON MOTION TO DISMISS - 9
Case No. 4:16-cv-05155-EFS

4840-2988-8321v.2 0036234-000592

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    DATED this 7th day of February, 2017.

2                              Davis Wright Tremaine LLP
                             Attorneys for JPMorgan Chase Bank, N.A.
3
                             By/s/Frederick A. Haist
4                                  Frederick A. Haist, WSBA #48937

5                                  1201 Third Avenue, Suite 2200
                                   Seattle, WA 98101-3045
6                                  Tel.:  (206) 622-3150
                                   Fax:  (206) 757-7000
7                                  Email: fredburnside@dwt.com
                                          frederickhaist@dwt.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CHASE'S REPLY ON MOTION TO DISMISS - 10
Case No. 4:16-cv-05155-EFS

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to the attorneys of record registered on the CM/ECF system.

Dated this 7th day of February, 2017 at Seattle, Washington.


*/s/Frederick A. Haist*
Frederick A. Haist

CHASE'S REPLY ON MOTION TO DISMISS - 11
Case No. 4:16-cv-05155-EFS

4840-2988-8321v.2 0036234-000592

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax