UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BERYL ANN WRIGHT,<br><br>                  Plaintiff,<br><br>     v.<br><br>JPMORGAN CHASE BANK, N.A.;<br>MTGLQ INVESTORS, L.P.;<br>QUALITY LOAN SERVICE CORP<br>OF WASHINGTON; SHELLPOINT<br>MORTGAGE SERVICING, LLC;<br>AND DOES 1-X,<br><br>                  Defendants. | No.  4:16-CV-5155-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Plaintiff Beryl Ann Wright's "Motion for Reconsideration and Relief from Order Denying Remand, TRO, Prelim. Inj; Motion to Amend Complaint; Motion for Time; Motion to Stay 2/10/17 Sale", ECF No. 36. The Court has previously addressed the Motion to Amend and Motion for Time portions of the motion. ECF Nos. 46 & 56. The Court now addresses the final remaining portion of that Motion, the Motion to Reconsider. Ms. Wright moves the Court to reconsider its February 2, 2017 Order Denying Plaintiff's Motion to Remand and for Emergency Temporary Restraining Order and Preliminary Injunction, ECF No. 30. Defendant JP Morgan Chase Bank (Chase) has filed a memorandum in opposition to the Motion to

ORDER - 1

1  Reconsider. ECF No. 49. Having reviewed the pleadings and the file in
2  this matter, the Court is fully informed and denies the Motion.
3       As an initial matter, Defendant Quality Loan Services of
4  Washington has informed the Court that all prior Trustee's Sales for
5  the property at issue have been cancelled and there is no Trustee's
6  Sale currently pending. ECF Nos. 33 & 34. Accordingly, Ms. Wright's
7  Motion for Reconsideration of her prior request for injunctive relief
8  is denied as moot. To the extent a new Trustee's Sale could be
9  scheduled, the Court finds that reconsideration of its prior order
10 denying injunctive relief would be inappropriate.
11      A motion for reconsideration is "appropriate if the district
12 court (1) is presented with newly discovered evidence, (2) committed
13 clear error or the initial decision was manifestly unjust, or (3) if
14 there is an intervening change in controlling law." *Sch. Dist. No. 1J*
15 *v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for
16 reconsideration should not be granted, absent highly unusual
17 circumstances." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665
18 (9th Cir. 1999). A motion for reconsideration may not be used to
19 raise arguments or present evidence for the first time when they could
20 reasonably have been raised earlier in the litigation. *Id.; Kona*
21 *Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).
22      After reviewing the pleadings, the record in this matter, and
23 applicable authority, the Court is fully informed and finds that
24 Plaintiff has not met the standard for reconsideration. Plaintiff has
25 merely reasserted prior arguments, and has not presented any new
26

evidence, indicated how the prior ruling was in error, or noted any change in controlling law.

Furthermore, Plaintiff's assertions in her pleadings still do not demonstrate to the Court that remand or injunctive relief is justified. The appropriateness of remand to state court is based on the substance of the complaint when it was filed. Although Ms. Wright's claim has evolved somewhat through subsequent pleadings, the Court continues to find that, based on her complaint, subject matter jurisdiction exists in this Court. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."). In addition, for the reasons outlined in its previous order, the Court continues to find that Ms. Wright has failed to demonstrate a likelihood of success on the merits, as required for injunctive relief in the form of a temporary restraining order or a preliminary injunction.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff Beryl Ann Wright's "Motion for Reconsideration and Relief from Order Denying Remand, TRO, Prelim. Inj; Motion to Amend Complaint; Motion for Time; Motion to Stay 2/10/17 Sale," **ECF No. 36,** is **DENIED IN PART** as to the Motion to Reconsider.

2. As all portions of the Motion have now been addressed, no part of ECF No. 36 remains as a pending motion.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Plaintiff and all counsel.

**DATED** this  20th   day of March 2017.

                         s/Edward F. Shea
                         EDWARD F. SHEA
               Senior United States District Judge

Q:\EFS\Civil\2016\5155.Wright.ord.deny.recon.lc02.docx

ORDER - 4