UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BERYL ANN WRIGHT,<br><br>          Plaintiff,<br><br>     v.<br><br>JP MORGAN CHASE BANK NA; MTGLQ<br>INVESTORS LP; SHELLPOINT MORTGAGE<br>SERVICING LLP; and FEDERAL<br>NATIONAL MORTGAGE ASSOCIATION,<br><br>          Defendants. | No. 4:16-CV-5155-EFS<br><br>**ORDER DENYING PLAINTIFF'S<br>CONSTRUED MOTION FOR<br>RECONSIDERATION AND GRANTING<br>DEFENDANTS' MOTIONS TO DISMISS** |

Before the Court, without oral argument, are a Motion to Dismiss for Failure to State a Claim by Defendant Federal National Mortgage Association, ECF No. 16, and a Motion to Dismiss for Failure to State a Claim, ECF No. 9, brought by Defendant JP Morgan Chase Bank (Chase), in which Defendants MTGLQ Investors (MTGLQ) and Shellpoint Mortgage Servicing (Shellpoint) have moved to join, ECF No. 10. For the reasons set forth below, the Court grants these motions.

Also before the Court is Plaintiff Beryl Ann Wright's Motion for Leave to File Supplemental Amended Complaint, ECF No. 68, and related Motion to Expedite, ECF No. 75. The Court construes the Motion for Leave to File Supplemental Complaint as a Motion for Reconsideration of the Court's Order denying Ms. Wright's Motion to Amend, *see* ECF

Nos. 36 & 56. The Court grants the motion to expedite, as the Defendants have already responded and the resolution of the motion to reconsider affects the dispositive motions addressed by this order. As explained below, the Court denies Ms. Wright's motion to reconsider the order denying her motion to amend.

## I.  Joinder

Defendants MTGLQ and Shellpoint have filed a notice of joinder in Chase's Motion to Dismiss. ECF No. 10. MTGLQ and Shellpoint assert that Plaintiff's "allegations against Defendants and the Moving Party are substantively identical and are principally based on alleged rescission of the loan at issue," and that the motion therefore "applies equally to Defendant[s]." ECF No. 10 at 2. Based on the facts alleged in the Complaint, Chase assigned its interest in the mortgage at issue in this case to MTGLQ and Shellpoint, making the interests of MTGLQ and Shellpoint derivative of the interest held by Chase. Accordingly, the Court finds that by determining whether Plaintiff states a claim against Chase, the Court will also necessarily determine in many respects whether Plaintiff states a claim against MTGLQ and Shellpoint. The Court therefore finds good cause to grant the motion to join.

## II.  Background

This Section is primarily based on factual allegations contained in the Complaint, ECF No. 1-1. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). According to Ms. Wright, she and her son, Anthony Malveto, own a property located at 790 Smith Drive, College Place,

Walla Walla County, Washington. ECF No. 1-1 at 9. This property is Ms. Wright's primary dwelling. ECF No. 1-1 at 1. Defendants assert interests in the property that Ms. Wright believes are unfounded. Specifically, Defendant Chase claims to have held a beneficiary interest in the property based on the mortgage note and deed of trust for the property. ECF No. 1-1 at 3. Defendant MTGLQ claims to have a interest in the property as beneficiary as a result of an assignment by Chase. ECF No. 1-1 at 3-4. Ms. Wright contested this assignment and argues that it was "wrongful and unlawful." ECF No. 1-1 at 3-4. Defendant Shellpoint claims to be a servicer of the mortgage loan. ECF No. 1-1 at 4. Defendant Quality Loan Services Corporation of Washington (QLSCW) claims to be a trustee for MTGLQ. ECF No. 1-1 at 2.

On May 13, 2015, Ms. Wright and Mr. Malveto sent a notice of rescission of the mortgage note and deed of trust. ECF No. 1-1 at 3. Ms. Wright notes that the mortgage note and deed of trust were cancelled and revoked under general claims of Washington and United States Law. ECF No. 1-1 at 3-4. Chase and QLSCW continued collection efforts on the note. ECF No. 1-1 at 3. The Defendants have been engaged in foreclosure activity on Mr. Wright's property for over eight years, setting multiple trustee's sales. ECF No. 1-1 at 3-5, 11. In one instance, when a trustee's sale was discontinued, Ms. Wright notes that a Notice of Discontinuance was recorded, but states that she did not receive the notice at her home. ECF No. 1-1 at 3. Ms. Wright also indicates that she did not receive a Notice of Default prior to a trustee's sale scheduled for October 2016. ECF No. 1-1 at 5.

**III. Motion to Reconsider Order Denying Motion to Amend**

Ms. Wright has filed a Motion for Leave to File a Supplemental Amended Complaint, along with a proposed amended complaint. The Court construes this motion as a motion to reconsider, as the Court denied a previous motion by Ms. Wright to amend her complaint, *see* ECF Nos. 36 & 56. A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.*; *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

Ms. Wright argues that a supplemental complaint or an amended complaint is necessary for nine reasons: (1) discovery of new law; (2) contempt allegedly committed by Defendants related to collection activity; (3) contempt allegedly committed by Defendants related to a state court injunction; (4) the new fact of removal to federal court; (5) to "flesh out" Washington Consumer Protection Act and Deed of Trust claims and provide new case law; (6) the failure of Defendants to properly join removal; (7) to make claims against Federal National Mortgage Association and Nationwide Title Clearing, Inc.; (8) to make claims against New Penn Financial, LLC; and (9) new evidence requiring new claims. The Court addresses each reason in turn.

First, the discovery of new laws that could support a claim does not justify reconsideration unless the law was not available at the time of the initial motion. In this case, Ms. Wright points to no intervening change in law that would justify reconsideration. In addition, the failure to plead all possible claims would not justify the amendment of a complaint when the claims were available to a plaintiff at the time of the initial pleading. *See Acri v. Int'l Ass'n of Machinists,* 781 F.2d 1393, 1398 (9th Cir. 1986).

As to the second and third arguments, Defendants have not violated any orders issued by this Court, so any allegations of contempt are not properly before this Court. Reconsideration or amendment on these grounds would be inappropriate.

Fourth, removal is not a new fact that would justify reconsideration, as the case had already been removed at the time Ms. Wright filed her previous motion to amend. Removal alone is also an inappropriate basis for amendment of a complaint. *Cf. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.").

Fifth, Ms. Wright's desire to expand on arguments previously pleaded does not meet the standard for reconsideration. In addition, this is not an appropriate basis for amendment of a complaint, as a plaintiff can clarify and expand on claims made in the complaint in subsequent pleadings, as Ms. Wright has done in this case. The Court

also finds that Ms. Wright's new allegations would be futile. She argues that no loan was actually made based on the mortgage documents. Ms. Wright also claims that the deed of trust incorrectly indicates that the property is not primarily used for agricultural purposes, that the property is not accurately described, that the term "principal residence" is vague, that the term "loan" is vague, and that other defects existed in the mortgage documents. While these claims would be relevant to Ms. Wright's claims under the Washington Deed of Trust Act and the Washington Consumer Protection Act if they had been proven and the mortgage had been invalidated, as discussed below, the Court finds that Ms. Wright does not have standing to contest the validity of the mortgage documents or the accuracy of statements made therein. Accordingly, any amendment to include such claims would be futile.

Sixth, the alleged failure of Defendants to join removal is not a proper basis for reconsideration because removal, and any alleged failure to join, occurred prior to Ms. Wright's original motion to amend. Failure to join removal is also not an appropriate basis for amendment of a complaint and should instead be the basis of a subsequent motion, if necessary. The Court notes that the removal consent requirement has been satisfied here, as Chase's notice of removal included an averment of the other Defendants' consent to removal and was signed by an attorney of record. ECF No. 1; *see Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). At the time of removal, Federal National Mortgage Association was not named in the complaint, and its consent was therefore

unnecessary. Federal National Mortgage Association has since implied consent to removal by filing a motion to dismiss, ECF No. 16, among other things, in this Court. *See Hafiz v. Greenpoint Mortg. Funding*, 409 F. App'x 70, 71-72 (9th Cir. 2010).

As to reasons seven and eight, while Ms. Wright argues that an amended complaint is necessary to make claims against Federal National Mortgage Association, Nationwide Title Clearing, Inc., and New Penn Financial, in the proposed amended complaint, Ms. Wright does not allege any claims against these three Defendants. In fact, Federal National Mortgage Association, Nationwide Title Clearing, and New Penn Financial do not seem to be mentioned in the proposed amended complaint, apart from their appearance in the heading. In her affidavit in support of her motion, ECF No. 78, and her reply memorandum, ECF No. 79, Ms. Wright indicates that she has claims against these Defendants, but she does not identify any specific wrongdoing on the part of these Defendants. Accordingly, the Court finds that Ms. Wright has not made new claims so as to justify reconsideration or an amendment of her complaint.

Ninth, Ms. Wright argues that an amended complaint is necessary due to new evidence supporting new claims. The Court finds, however, that in her proposed amended complaint Ms. Wright does not cite to new evidence or make any claims that did not appear in her original complaint or in her previous motion to amend. Accordingly, there is no new evidence sufficient to support reconsideration of the motion to amend. In addition, for the reasons stated in the Court's prior order

denying motion to amend, the Court continues to find that the new claims suggested by Ms. Wright would be futile. *See* ECF No. 56.

The Court denies Ms. Wright's Motion for Leave to File a Supplemental Amended Complaint, ECF No. 68.

## IV.    Failure to State a Claim

Defendant Federal National Mortgage Association argues that Ms. Wright fails to state a claim against it because Ms. Wright does not assert any claims against Federal National Mortgage Association and Federal National Mortgage Association no longer has an interest in Ms. Wright's property.

Defendant Chase argues that Ms. Wright fails to state a claim upon which relief can be granted because: (1) she lacks standing to bring her claim; (2) Washington Consumer Protection Act claims are barred by res judicata; (3) the TILA claim fails; and (4) the injunction claim fails; (5) Washington Consumer Protection Act claims fail.

The Court addresses each of these arguments below and finds good cause to grant the motions to dismiss.

### A.    Judicial Notice

As an initial matter, although a court generally cannot consider evidence outside of the complaint when adjudicating a motion to dismiss for failure to state a claim, exceptions exist for documents when "authenticity is not contested and the plaintiff's complaint necessarily relies on them," as well as for documents that are appropriate for judicial notice. *Lee v. City of L.A.*, 350 F.3d 668,

688-89 (9th Cir. 2001); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Defendant Chase asks the Court to take judicial notice of nine documents:

- Mortgage Note executed by Anthony Malveto,
- Deed of Trust executed by Anthony Malveto,
- Chase Purchase and Assumption Agreement in which Chase assumed Washington Mutual's assets,
- Ms. Wright's two complaints filed in a 2013 action in state court,
- State court judgment in the 2013 action,
- Ms. Wright's recorded notice of rescission, and
- Two recorded notices of discontinuance of trustee's sale.

Ms. Wright has not objected to this request.

The Court finds that Ms. Wright's Complaint necessarily relies on the Mortgage Note and Deed of Trust, as well as the recorded notice of rescission, as Ms. Wright claims that the note and deed are invalid in part based on their terms and also argues that the note and deed have been rescinded. Consideration of these documents would therefore be appropriate. In addition, apart from the Purchase and Assumption Agreement, all of these documents are official court filings or publically recorded documents. The Purchase and Assumption Agreement, while not a recorded document, is available through the Federal Deposit Insurance Corporation. Accordingly, the Court finds that the nine documents are appropriate for judicial notice, and may therefore be considered in deciding the motions to dismiss, because they are readily available from reliable sources and their accuracy is not subject to question. *See* Fed. R. Evid. 201.

### B.  Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to "state a claim upon which relief can be granted." Rule 8 requires that a "claim for relief" contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In assessing whether Rule 8(a)(2) is satisfied, the Court first identifies the elements of the asserted claim based on statute or case law. *Iqbal*, 129 S. Ct. at 1949. The Court then identifies the complaint's factual allegations and the legal conclusions. The Court accepts any factual allegations as true and disregards the legal conclusions. *Id*. Then, assuming the veracity of the complaint's factual allegations, the Court determines whether they plausibly indicate entitlement to relief. *Id*.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant" has acted in the manner alleged by the plaintiff. *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

As explained above, when ruling on a motion to dismiss for failure to state a claim, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment. *Ritchie*, 342 F.3d at 907–08. A court may, however, consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.* at 908.

### C. Federal National Mortgage Association's Motion to Dismiss

Federal National Mortgage Association argues that Ms. Wright's complaint should be dismissed due to failure to state a claim because Ms. Wright only mentions the Association twice in the Complaint and does not plead any claims against Federal National Mortgage Association. ECF No. 16. Ms. Wright responds that dismissal would be inappropriate because Federal National Mortgage Association is a "necessary party in this case," ECF No. 57 at 5, and was the owner or beneficiary of the mortgage note that is the basis of Ms. Wright's claims, ECF No. 57 at 7. Ms. Wright also argues that Federal National Mortgage Association and/or its employees may have committed some "wrongdoing." ECF No. 57 at 7. Ms. Wright requests "judgement [sic] against defendant Fnma for whatever wrongdoing can be lawfully attributed to it and/or its agents or employees acting within the scope of their employment." In reply, Federal National Mortgage Association notes that its only connection to the loan was that it was

an investor at one point, but that it has divested its interest and has no current stake in the loan. ECF No. 65 at 2. Federal National Mortgage Association also notes that it has never been involved in foreclosure proceedings involving Ms. Wright's property. ECF No. 65 at 1-2.

The Court finds that dismissal of Ms. Wright's complaint as to Federal National Mortgage Association is appropriate due to Ms. Wright's failure to state a claim against the Association. Ms. Wright does not allege any specific wrongdoing on the part of Federal National Mortgage Association and points to no facts suggesting wrongdoing, apart from the fact that the Association was an investor in the loan at one time. The collection and foreclosure activities involving Ms. Wright and her property are the source of her claims, and the Federal National Mortgage Association does not appear as a party on any of the foreclosure documents of which the Court has taken judicial notice. The Rule 8 pleading standard has not been satisfied, as Ms. Wright has not alleged any facts that, if true, would entitle her to relief from Federal National Mortgage Association. Ms. Wright has also failed to satisfy the pleading standard as articulated in *Iqbal*, as the Court can draw no inference that Federal National Mortgage Association is liable based on the information in the complaint. The Court therefore grants Federal National Mortgage Association's Motion to Dismiss, ECF No. 16.

### D. Chase's Motion to Dismiss

The Court now turns to Chase's Motion to Dismiss and addresses each of Chase's arguments in turn.

### 1. Standing

First, Chase argues that Plaintiff does not have standing because she is not the party named in the mortgage documents. The Court addressed this argument in its Order Denying Plaintiff's Motion to Remand. *See* ECF No. 30. The Court incorporates that discussion here and finds that Plaintiff does have standing to contest the foreclosure on her property. Ms. Wright has also presented additional evidence to the Court indicating that she has an ownership interest in the property at issue, ECF No. 36-1, and this evidence strengthens the Court's previous finding that Ms. Wright has standing to contest foreclosure.

The Court finds, however, as indicated in its prior order, that Ms. Wright does not have standing to bring a Truth in Lending Act (TILA) claim or challenge the validity of the mortgage itself because she was not a party to that agreement. *See In re Crevier*, 820 F.2d 1553, 1555 (9th Cir. 1987) (citing the "judicially imposed prudential rule of standing that bars a litigant from asserting the rights of others"). Ms. Wright does not have prudential standing to challenge the terms or enforceability of the mortgage agreement. Any such claims can be brought only by Anthony Malveto as he is the mortgagor named in the documents. Accordingly, Ms. Wright's claims are limited to those regarding the lawfulness of foreclosure. *See Gibson v. PNC Bank Nat'l Assoc.*, 2016 WL 7131518, at *1 (9th Cir. Dec. 7, 2016) (unpublished) ("[Plaintiff] has standing to challenge the foreclosure and sale based on the property interest he acquired via his quitclaim deed." (internal citation omitted)).

## 2. Collateral Estoppel

Defendants argue that any claims under the Washington Consumer Protection Act (WCPA) are barred as res judicata based on a prior lawsuit that Ms. Wright brought against Chase in 2013. The Court has taken judicial notice of Ms. Wright's complaints and the Walla Walla County Superior Court's judgment in the 2013 action, *see* ECF Nos. 9-4, 9-5 & 9-6, and now finds that Ms. Wright's WCPA claims against Chase in this lawsuit are barred as res judicata.

The Court looks to Washington's law regarding res judicata because a federal court considering whether an argument is precluded based on a prior state court judgment must look to state preclusion law. *McInnes v. California*, 943 F.2d 1088, 1092-93 (9th Cir. 1991); *see also W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1525 (9th Cir. 1990) ("[A] federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered."). Res judicata consists of two types of preclusion: issue preclusion and claim preclusion.

Under Washington law, claim preclusion requires a final judgment on the merits in the prior suit and "sameness of subject matter, cause of action, people and parties, and 'the quality of the persons for or against whom the claim is made.'" *Hisle v. Todd Pac. Shipyards Corp.*, 93 P.3d 108, 114-15 (Wash. 2004) (en banc) (quoting *Rains v. State*, 674 P.2d 165, 168 (1983)). Claim preclusion applies "not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which

properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Hisle*, 93 P.3d at 114 (en banc) (quoting *Schoeman v. N.Y. Life Ins. Co.*, 726 P.2d 1, 3 (Wash. 1986)).

Issue preclusion "prevents the relitigation of an issue or determination of fact after the party sought to be estopped has had a full and fair opportunity to present his or her case." *Lutheran Day Care v. Snohomish Cty.*, 829 P.2d 746, 757 (Wash. 1992) (en banc). Washington issue preclusion requires the party seeking preclusion to establish that:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Christensen v. Grant Cty. Hosp. Dist. No. 1*, 96 P.3d 957, 961 (Wash. 2004) (en banc). The fourth element requires that the precluded party "had a full and fair opportunity to litigate the issue in the first forum." *Id.* at 962.

In the 2013 case, Ms. Wright and Mr. Malveto filed two complaints, ECF Nos. 9-4, 9-5, in which they alleged claims similar to the claims Ms. Wright's brings in this case that the Court has construed as being brought under the WCPA. In the 2013 lawsuit, Ms. Wright alleged that there was no meeting of the minds, no legal consideration, and no mutual agreement underlying the mortgage agreement. ECF No. 9-4 at 6. In the second 2013 complaint, Ms. Wright

also expressly invoked the WCPA and argued that the defendants had violated that statute due to their efforts to acquire the property "by unconscionable and deceptive methods," ECF No. 9-5 at 7, and by "falsifying public records," ECF No. 9-5 at 25. Ms. Wright also alleged that Chase had not provided evidence of ownership of the mortgage note, ECF Nos. 9-4 at 4 & 9-5 at 3, and that the attempts at foreclosure involved "deceptive and unfair acts and practices," ECF No. 9-4 at 6. Ms. Wright requested declaratory relief in the form of a judgment stating that the defendants to the 2013 action had no right to the property. ECF No. 9-4 at 7-8; ECF No. 9-5 at 10. The Walla Walla County Superior Court granted Chase's motion for summary judgment in the 2013 lawsuit, finding that there was "no disputed issue of material fact and Chase [was] entitled to judgment as a matter of law." ECF No. 9-6. That judgment is a final judgment carrying preclusive effect.

Ms. Wright does not expressly address Chase's claim that res judicata applies to this case. She has provided no argument as to how the claims in this lawsuit differ from the claims in her 2013 lawsuit. In addition, Ms. Wright notes that these foreclosure activities have been going on for eight years and does not distinguish between current and prior foreclosure attempts. ECF No. 1-1 at 11; ECF No. 28 at 12. (referencing "[t]he past, continuing and ongoing efforts by these Defendants").

Regarding claim preclusion, the Court must analyze whether the subject matter, cause of action, people and parties, and quality of the precluded person are the same in the 2013 litigation and the

matter currently before the Court. The Court finds that the subject matter is the same — Ms. Wright was contesting Chase's interest in her property and attempting to prevent foreclosure. The Court also finds that, in some respects, the cause of action is the same. In both cases, Ms. Wright brought contract claims that could be construed as claims under the WCPA. The people and the parties are the same in part, as Ms. Wright and Chase were both parties in the 2013 suit. Finally, the Court finds that the quality of the precluded person, Ms. Wright, is the same in both lawsuits, as Ms. Wright is in substantially the same position as she was in the 2013 lawsuit. Accordingly, the Court finds that claim preclusion bars the WCPA claims brought against Chase.

In evaluating issue preclusion, the Court analyzes whether the issue was the same, whether the issue was necessary to the judgment, whether the precluded party was a party to the prior lawsuit, and whether issue preclusion would be unjust. The Court finds that many of the issues in the 2013 lawsuit are the same issues presented here, including the ultimate question of whether Chase was authorized to foreclose on the property in 2013. The Court also finds that these issues were essential to the 2013 judgment, as the Walla Walla Superior Court necessarily found that Ms. Wright did not present evidence demonstrating that the foreclosure was unlawful. The Court also finds that the precluded party, Ms. Wright, was a part to the earlier proceeding. Finally, the Court finds that application of issue preclusion would not cause injustice because Ms. Wright had a fair opportunity to litigate her claims in the Walla Walla County Superior

Court. In fact, allowing Ms. Wright to proceed on these would work an injustice on Defendants by forcing them to litigate claims that have already been determined to be meritless. Accordingly, the Court finds that issue preclusion bars Ms. Wright from contesting the fact that Chase had the right to foreclose on the property in 2013.

### 3. Truth in Lending Act

As explained above, the Court finds that Ms. Wright does not have standing to bring a TILA claim, as she is not a party to the mortgage agreement at issue in this case. TILA creates disclosure requirements to protect obligors. 15 U.S.C. § 1631. When those disclosure requirements are violated, an obligor has the right to rescind the transaction. 15 U.S.C. § 1635. TILA does not create obligations for creditors as to third parties, and TILA does not create a cause of action that may be employed by third parties. Thus, Ms. Wright cannot bring a claim under TILA, and to the extent she attempts to bring any such claim, it is denied for lack of standing. See *Crevier*, 820 F.2d at 1555; *see also Mashburn v. Wells Fargo Bank, NA*, 2011 WL 2940363, *3 (W.D. Wash. July 19, 2011) ("Since Plaintiff Hayakawa was not an obligor on the loan and had no right of rescission, Plaintiff Hayakawa does not have standing to bring the present TILA claim.").

In contesting a foreclosure action, however, a plaintiff may ask the Court to take judicial notice of a prior TILA rescission or other legal process by which a mortgage has been invalidated, as that directly affects the validity of foreclosure. To the extent Ms. Wright asks the Court to take judicial notice of prior TILA rescission

attempts, the Court finds that Ms. Wright has standing to make such a request and the Court will consider the information presented.

Here, Ms. Wright claims that the mortgage transaction was rescinded on May 13, 2015, and the Court has taken judicial notice of the rescission notice recorded by Ms. Wright and Mr. Malveto. ECF No. 1-1 at 3; ECF No. 9-7. The Court finds, however, that this rescission was ineffective on its face, as it was untimely.

Under 15 U.S.C. § 1635(f): "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this chapter have not been delivered to the obligor." There is "no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (quoting *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998)); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction." (quoting *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986))).

Consummation is defined under Regulation Z as the point when the borrower becomes contractually obligated on the loan. 12 C.F.R. § 226(a)(13). The Ninth Circuit has explained that when a borrower is contractually obligated is defined by state law. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989). In Washington, a contract is created

when the essential elements of a contract, "the subject matter of the contract, the parties, the promise, the terms and conditions, and (in some but not all jurisdictions) the price or consideration," have been included in the agreement. *DePhillips v. Zolt Const. Co., Inc.*, 959 P.2d 1104, 1107 (Wash. 1998).

The Court has taken judicial notice of the mortgage note and deed of trust, ECF Nos. 9-1 & 9-2. Those documents include Mr. Malveto's signature and a date of August 1, 2003. Ms. Wright makes various claims arguing that the mortgage documents are invalid or that consummation of the agreement did not occur. These are the types of arguments that Ms. Wright does not have standing to make. The Court declines to address the merits of Mr. Malveto's contract or rescission claims related to the mortgage agreement, as Ms. Wright is not the proper party to bring such claims. Even if Ms. Wright did have standing to make such claims, however, the Court finds that Ms. Wright argues only legal conclusions and fails to present plausible factual claims to support those conclusions.

Accordingly, there is no dispute that Mr. Malveto sent his notice of intent to rescind more than 11 years after executing the mortgage loan. Accordingly, the Court finds that the attempted rescission on May 13, 2015, was ineffective and failed to invalidate the mortgage transaction.

### 4. Injunction

Ms. Wright presents her first cause of action as a claim for an injunction, and Defendants argue that injunctive relief is not a claim, but a remedy. Because Ms. Wright is pro se, however, the Court

will construe her complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The Washington Deed of Trust Act (WDTA), creates a cause of action for an injunction to restrain the sale of a foreclosed home based on "any proper legal or equitable ground." RCW 61.24.130(1); *Plein v. Lackey*, 67 P.3d 1061, 1066 (Wash. 2003) (en banc). Although Plaintiff does not cite to WDTA as the source of her cause of action, she does cite to the statute in her complaint. ECF No. 1-1 at 10, 12. Accordingly, the Court will assume that Ms. Wright's injunction claim is based on the cause of action created by the WDTA.

Ms. Wright claims that "Chase has not validated to the owners of the homestead its claim as 'lender'" and "Chase has not validated its claim as 'lender' by public record filing with the Walla Walla County Auditor recorder's officer (deeds office)." ECF No. 1-1 at 10. Ms. Wright notes: "No record yet exists in the deeds office, or otherwise, though often requested, proving Chase ownership of the hearsay note & DT [deed of trust], nor does it exist *anywhere* to establish a tangible fact or intangible right of Chase ownership of the hearsay debt." ECF No. 1-1 at 11. As explained above, these claims are barred as res judicata because the 2013 case resulted in a preclusive finding that Chase has the right to foreclose on the property in 2013.

Ms. Wright similarly claims that "MTGLQ has not validated to the owners of the homestead its claim as 'lender'" and "MTGLQ's claim as 'lender' is not validated in the deeds office public record." ECF No. 1-1 at 10. Plaintiff also claims that Defendants violated the WDTA

because "[t]he deeds office online record shows Notice of Discontinuance (ND) recorded by QLSCW on 1/5/2016. That ND was not received at the homestead. Failure to notify interested parties is a violation of RCW 61.24 Dead of Trust Act." ECF No. 1-1 at 10. Plaintiff contests Chase's assignment of the loan to MTGLQ: "In attempting to confirm the alleged 'assignment' announced in the NA [Notice of Assignment] the online record and a phone call to the deeds office returned negatives. Checking again as I write, there still is no record of the alleged 'Assignment' from Chase to MTGLQ." ECF No. 1-1 at 11. Plaintiff also claims that "[t]he requisite Notice of Default (ND) precedent to NTS was never received at the homestead, or anywhere" and "Defendants' neglect to send a ND violates of [sic] DTA prohibiting foreclosure." ECF No. 1-1 at 12. She claims that "defendants, and each of them, wrongfully and unlawfully intend to sell plaintiff's homestead at foreclosure auction." ECF No. 1-1 at 13. She argues that "Defendants' threatened foreclosure is staged under color of law without the requisite demonstration of the legal right to pursue foreclosure on the hearsay note and deed of trust alleging to involve plaintiff's homestead." ECF No. 1-1 at 13–14.

As an initial matter, Chase is not responsible for foreclosure proceedings and retains no interest in the mortgage loan. In addition, any claim contesting Chase's right to foreclose on the property prior to the 2013 lawsuit is barred as res judicata. Chase does not contest that it cannot now foreclose on the loan due to its assignment to MTGLQ. Defendant Shellpoint is the servicer on the loan and also plays no role in the foreclosure process. Accordingly, Ms. Wright cannot

state a claim upon which relief can be granted related to foreclosure as to Chase or Shellpoint. Defendant MTGLQ is the current lender/beneficiary on the Note and Deed of Trust and is involved in the foreclosure. Still, for the reasons stated below, Plaintiff fails to state a claim under the WDTA as to MTGLQ.

The WDTA imposes various requirements on a creditor before a Trustee's Sale can take place. *See* RCW 61.24.030. Despite Ms. Wright's claims to the contrary, MTGLQ has satisfied all of those requirements.

First, the dead of trust contains a power of sale. ECF No. 9-2 at 13.

Second, the deed contains a statement that the real property is not used principally for agricultural purposes. ECF No. 9-2 at 14. Ms. Wright now argues that the property is used for agricultural purposes. To the extent Ms. Wright has standing to make such an argument, which directly conflicts with the terms of the deed of trust executed by Mr. Malveto, Ms. Wright stated in her complaint that the property was her primary residence, and the Court finds that the property is therefore primarily used for residential purposes.

Third, in a prior state court complaint, of which the Court has taken judicial notice, Ms. Wright and Mr. Malveto stated under oath that Mr. Malveto stopped making payments on the loan in September 2011 for reasons other than the loan having been satisfied, ECF No. 9-4 at 3, which constitutes a default by the clear terms of the deed of trust. ECF No. 9-2 at 4. Although Ms. Wright claims that the loan has never been in default, ECF No. 1-1 at 7, any argument that the loan was not in default in 2013 is barred as res judicata based on the

Walla Walla Superior Court's finding in 2013 that foreclosure was lawful. Ms. Wright does not argue that payments have been made so as to restore the loan to non-default status.

Fourth, Plaintiff does not contend that any action has been commenced by Defendants to seek satisfaction of an obligation secured by the deed of trust, and one of the notices of trustee's Sale currently before the Court includes a statement that no such action has been commenced, ECF No. 1-1 Ex. A at 2.

Fifth, the deed of trust has been recorded with the Walla Walla County recorder, document number 2003-12140, and the entire parcel of land is situated in Walla Walla County. ECF No. 9-2.

Sixth, Plaintiff does not dispute that the trustee, QLSCW, is a Washington entity, ECF No. 1-1 at 2, and QLSCW provided a Washington address in a notice of default submitted by Ms. Wright in her prior lawsuit, and of which the Court has taken judicial notice. *See* ECF No. 9-5 Ex. B at 137.

Seventh, Plaintiff has submitted with her Complaint proof that the beneficiary, MTGLQ, is the owner of the promissory note secured by the deed of trust. ECF No. 1-1 Ex. B. The fact that Chase was the owner of the note and had the right to foreclose is res judicata. The Court has also taken judicial notice of the transaction by which Chase acquired the loan. ECF No. 9-3. No additional evidence of ownership is necessary, and the WDTA does not require that proof of ownership be recorded.

Eighth, Plaintiff alleges in her complaint that she did not receive a notice of default prior to the notice of the October 21,

2016 trustee's sale. In her complaint for her 2013 lawsuit, of which this Court has taken judicial notice, Ms. Wright submitted a copy of a notice of default regarding her property. ECF No. 9-5 Ex. B at 135–40. After a notice of default has been issued, the WDTA does not require reissuance prior to each scheduled trustee's sale. *Leahy v. Quality Loan Serv. Corp. of Wash.*, 359 P.3d 805, 807–808 (Wash. App. 2015). The notice of default was not otherwise deficient.

Ninth, it is not clear to the Court that the property at issue is owner-occupied residential real property, as that term is defined under the WDTA, because there is no indication in the complaint that Mr. Malveto lives on the property. RCW 61.24.005.10. Regardless, there are no allegations that Defendants failed to comply with RCW 61.24.031 or RCW 61.24.163.

Thus, all of the prerequisites under the WDTA for a lawful trustee's sale have been satisfied.

Finally, Ms. Wright alleges that Defendants violated the WDTA because she did not receive a copy of a notice of discontinuance of trustee's sale at her residence. Nothing in the WDTA requires a trustee to send a copy of a notice of discontinuance to the borrower or property owner. The provision addressing notices of discontinuance — which does not seem to apply here, as there is no indication that Mr. Malveto has taken the steps necessary to cure his default and reinstate the deed of trust — requires only that a notice of discontinuance be recorded. RCW 61.24.090. Ms. Wright notes in her complaint that the notice of discontinuance was recorded. ECF No. 1-1 at 10. For that reason, no violation of the WDTA occurred.

Ms. Wright has failed to state a claim upon which relief can be granted under the WDTA as to Chase, Shellpoint, or MTGLQ.

### 5.    Washington Consumer Protection Act

In this Court's Order Denying Plaintiff's Motion to Remand, ECF No. 30, the Court also recognized that, although Ms. Wright does not expressly plead any cause of action under the WCPA, her allegations could be interpreted as an attempt to state a claim under that Act. As above, because Ms. Wright is a pro se plaintiff, the Court construes her complaint liberally and, therefore, construes her allegations as claims under the WCPA. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).

First, as to Chase, any WCPA claim based on Chase's acts prior to the 2013 lawsuit is barred as res judicata because the court in that case necessarily found that Chase did not violate the Act.

Second, to the extent Ms. Wright has alleged a claim under the WCPA regarding the execution of the mortgage agreement, she does not have standing to bring such a claim; any claim does not apply to Defendants Chase, Shellpoint, or MTGLQ; and any claim is time-barred.

As explained above, Ms. Wright cannot bring claims on behalf of her son, who is the party named in the mortgage agreement. Ms. Wright appears to argue that the mortgage agreement was executed using unfair and deceptive practices and is therefore invalid. ECF No. 1-1 at 8. She does not have standing to bring those claims. As with TILA rescission, the Court could take judicial notice of a prior court order invalidating the mortgage, as such evidence would be relevant to the foreclosure proceedings, but Ms. Wright presents no such evidence.

Further, none of the Defendants involved in this Motion to Dismiss participated in the execution of the mortgage agreement at issue in this case. The mortgage was executed between Mr. Malveto and Washington Mutual. Any claims as to unfair or deceptive practices in execution of the agreement should therefore be brought against Washington Mutual.

The Court recognizes that Washington Mutual no longer exists and that its financial portfolio was taken over by the FDIC as receiver and then purchased by Chase. ECF No. 9-3. Chase did not, however, take over responsibility for Washington Mutual's liabilities related to claims brought by borrowers. ECF No. 9-3 at 9; *see also Jenkins v. JP Morgan Chase Bank*, 549 F. App'x 673, 673-74 (9th Cir. 2013) ("The district court properly dismissed [Plaintiff's] action because, under the Purchase and assumption Agreement between JP Morgan Chase Bank ('Chase') and the Federal Deposit Insurance Corporation ('FDIC'), Chase did not assume any liability associated with borrower claims against Washington Mutual."). Because Chase did not obtain these liabilities, it also did not transfer them to Shellpoint or MTGLQ.

Moreover, the statutory time period for a WCPA claim related to the execution of the mortgage agreement concluded long before the filing of this action. *See* RCW 19.86.120 ("Any action to enforce a claim for damages under RCW 19.86.090 shall be forever barred unless commenced within four years after the cause of action accrues[.]").

To the extent Ms. Wright challenges the foreclosure process under the WCPA, rather than the execution of the mortgage agreement, she has standing to do so, but fails to state a claim upon which

relief can be granted as to the Defendants named in this motion to dismiss. As discussed above, Shellpoint is not involved in the foreclosure proceedings, as Shellpoint is only a servicer on the loan. Ms. Wright cannot challenge foreclosure proceedings prior to her 2013 lawsuit, as they are barred as res judicata. She also cannot bring a claim against Chase based on behavior after it assigned its interest in the note to MTGLQ, as Chase was not involved in subsequent foreclosure proceedings.

To the extent Ms. Wright alleges WCPA violations regarding the foreclosure as to MTGLQ or as to Chase for behavior after the 2013 lawsuit and prior to assignment, she fails to state a claim under the WCPA. To state a claim under the WCPA, a plaintiff must allege facts that support five elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Klem v. Washington Mut. Bank*, 295 P.3d 1179, 1185 (Wash. 2013) (en banc) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 719 P.2d 531, 533 (1986)).

The term "unfair or deceptive" is not expressly defined, and the Washington Supreme Court has held that courts have discretion to determine whether an action is unfair. *Id.* at 1187 ("Given that there is 'no limit to human inventiveness,' courts, as well as legislatures, must be able to determine whether an act or practice is unfair or deceptive to fulfill the protective purposes of the CPA."). Thus, "a claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to

deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Id.*

Violations of the WDTA may be actionable under the WCPA if the violations constitute unfair or deceptive acts or practices and otherwise satisfy the elements of the WCPA. *Frias v. Asset Foreclosure Servs., Inc.,* 334 P.3d 529, 537 (Wash. 2014). As explained above, however, Ms. Wright has not pleaded a plausible violation of the WDTA. Accordingly, she does not plead a violation of the WDTA that could serve as an unfair or deceptive trade practice under the WCPA.

In addition, the Court finds that Ms. Wright alleges no other plausible claim of unfair or deceptive acts related to the foreclosure process. In all respects, it appears that the Defendants named in this motion to dismiss have complied with appropriate procedures regarding the foreclosure. Ms. Wright's mistaken beliefs that the mortgage agreement was rescinded and that no debt was or is currently owed to Defendants does not make their attempts to foreclose on the property unfair when they are otherwise authorized to do so under the law. Accordingly, Ms. Wright fails to state a claim under the WCPA.

### 6. Other Claims

Finally, Ms. Wright includes claims in her complaint, and adds claims in her response to the Motion to Dismiss, that are not relevant and that are not recognized as legal claims. The Court has addressed the futility of some of these claims in its order denying motion to amend, ECF No. 56, and hereby incorporates that discussion.

Throughout the pleadings, Ms. Wright refers to the note as a "hearsay note." This term has no legal meaning. The note is before the Court through judicial notice and is not hearsay. Ms. Wright argues that the note and deed of trust are "legally inapplicable to Anthony and her as a Man and Woman of moral character who made no knowing and willful consent to a commercial nexus for obtaining and maintaining our homestead, our daily bread, and other necessities and amenities of life common to all men." ECF No. 1-1 at 8. Ms. Wright also argues that "Anthony entered into the transactions at issue exclusively for his 'personal, family, and household purposes.'" ECF No. 28 at 14. These arguments do not affect the validity of the mortgage transaction, as entering into a contract for personal reasons does not change the character of the agreement. Ms. Wright also makes arguments about "certain statutory and common law rights belonging exclusively to private natural human beings." ECF No. 28 at 15. Ms. Wright seems to use "private natural human being" as a term of art, but that is not a term recognized by the courts as having special legal meaning.

As discussed in its order denying Ms. Wright's motion to amend, ECF No. 56, Ms. Wright's arguments related to alleged criminal acts by Defendants, labor disputes, and alleged violations of securities law are not meritorious and do not support relief in this case.

**V.   Conclusion**

For the reasons given above, the Court finds that Ms. Wright has failed to state a claim upon which relief can be granted as to

Defendants Federal National Mortgage Association, Chase, Shellpoint, and MTGLQ. The Motions to Dismiss are therefore granted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Motion to Join by Defendants MTGLQ and Shellpoint, **ECF No. 10,** is **GRANTED.**

2. Plaintiff Beryl Ann Wright's Motion to Expedite, **ECF No. 75,** is **GRANTED.**

3. Plaintiff Beryl Ann Wright's Motion for Leave to File a Supplemental Amended Complaint, construed as a Motion for Reconsideration, **ECF No. 68,** is **DENIED**.

4. Defendant Chase's Motion to Dismiss, **ECF No. 9,** is **GRANTED.**

5. Defendant Federal National Mortgage Association's Motion to Dismiss, **ECF No. 16,** is **GRANTED.**

6. All claims against Chase, MTGLQ, Shellpoint, and Federal National Mortgage Association are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Plaintiff and all counsel.

**DATED** this __18th__ day of April 2017.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge